Carr, J.
I am for affirming this decree; and I take pleasure in declaring that the opinion of the judge in the court below has placed the subject in a light so strong and clear, as to render it hardly necessary to say a word. The widow could not claim under the 29th section of our statute of wills, as in a case of intestacy, because we have before us the will of her husband. She could not claim under the 26th section, as renouncing the will, because such renunciation must be made within 12 months after the husband’s death, before the general court, or court having jurisdiction of the probat of the will, or by deed executed in the presence of two or more credible witnesses ; and she has done neither of these things. She must then, by the express words which close the 26th section, be held to take under the will. But she has precluded herself from doing this, by her election to claim against the will: for she has sued for and recovered, in fee, by title paramount the will, the tract of land which the testator, considering it his own, had devised to her for life, and to others after her. By this step she has disappointed and defeated the whole ■' scheme of the will: and the doctrine of election, that you cannot claim under a will, deed, or other instrument, and against the same instrument, is too well set- Í tied to need that I should quote cases in support of it.
I am for affirming the decree, and cannot but express some surprise that the appeal should ever have been granted.
Tucker, P.
The authorities cited by the judge of the circuit court who rendered this decree, establish beyond question the position that the decedent Rebecca Williams, by asserting her individual right to the real estate devised away by her husband’s will, and thus *408 disappointing that will, forfeited all her rights under it. No principle has been more incontrovertibly settled than this, that where a devisee under a will sets up a claim to property devised by the same will to an other, he must either release his right to that, or be excluded from the devise to himself. Upshaw v. Upshaw and others, 2 Hen. & Munf. 381. Wilson v. Lord Townshend, 2 Ves. jun. 697. In this latter case lord Rosslyn says, “ You cannot' act, you cannot come forth to a court of justice, claiming in repugnant rights. When you claim under a deed, you must claim under thé whole deed together. You cannot take one clause, and desire the court to shut their eyes against the rest. Suppose, in a will, a legacy is given to you by one clause; by another, an estate of which you are in possession is given to another: while you hold that, you shall not claim the legacy. You cannot dispute the ownership. So in the case of personal legacies. If a specific thing belonging to one of the legatees is by the will given to another, the legatee cannot hold both. He must make himself competent to take the legacy, by giving up the specific thing.” In this case, mrs. Williams has actually sued for and recovered the land, and has thus entirely disappointed the will. She naust therefore give up all claims under the will.
I do not mean to deny that there may be cases in which the interest, given by the will, will not be considered as altogether forfeited, but only quousque (as the phrase is); that is, the subject devised will be sequestered until satisfaction is fully made to the disappointed object of the testator’s bounty. Green v. Green, 19 Ves. 669. S. C. 2 Meriv. 95. As, if the legacy was of 10,000 dollars, and the property claimed was only a single slave; though the legatee asserted his title to the slave, he would still have a right to the excess above his value. So here, had the plaintiff rested this case upon the allegation that the legacy was worth more *409 than the land recovered, he would have had a right to the excess. But this is not pretended, nor is it probable ; and the modification of the general principle, theieforc, cannot properly be applied to this case.
We come next to enquire whether the widow has entitled herself to demand her distributable share of the estate, either upon the ground of a supposed intestacy as to part, or upon the ground of a supposed renunciation of the will as to the whole.
As to the first, there is no pretence for saying there is an intestacy as to that portion which she has forfeited by claiming the land. For it is actually devised to her, and is construed to go to those whom she has disappointed by her claim, in part satisfaction for their loss.
As to the second. By the act 1 Rev. Code, ch. 104. § 26. it is provided that the renunciation shall be made within one year: and this with a view to enable the executor, and all parties concerned, to know within a convenient time what course the widow may choose to take, and what disposition is to be made as to other distributees, legatees &c. If the renunciation were indefinitely postponed, specific legatees and others must in like manner be held in suspense for indefinite periods, which would be greatly vexatious. The time therefore was fixed to a single year, which affords to the widow ample leisure for reflection, while it determines her choice early enough to avoid any material injury to others interested in the estate.
Again, observe how the renunciation is to be made, . and before what tribunal. It is to be made before the general court, or the court of probat, or by deed executed in the presence of two witnesses; and the act must be no equivocal act, which may be avowed or disavowed, insisted on or explained away, according to subsequent events, but the widow must distinctly declare that she will not take or accept the provision made for her by the will, or any part thereof, and that *410 she renounces all benefit which she might claim by the will.
Lastly, observe the negative words, “ every widow not making the declaration within the time aforesaid, shall have no more of her husband’s slaves and personal estate than is given her by his will.”
Now in this case it is contended that the suit was a renunciation. Was it the distinct, unequivocal act required by law ? There is not a word or remote allusion to renunciation in it; and in the present bill we find the party actually renouncing the idea of renunciation, and claiming to hold as legatee under the will. The act of suing and recovering, then, does not bring the party within the provisions of the statute. It is neither a renunciation in itself, nor in the manner and form required by law. If a renunciation by parol or even by deed with one witness, or before any court other than the court of probat or the general court, would be void, how much clearer is the case of a mere bill in chancery, filed without a word of renunciation, and exhibited before a court not authorized by law to receive the renunciation. Had the widow solemnly appeared before that court, and renounced in the form required, she would not have been bound by it, and could therefore take no advantage of it. A fortiori she was not bound by, and could have no advantage of, that suit as a renunciation.
Then, as to the time. The suit, it is true, was brought within the year; but the decree was not rendered in her favour until several years after. Had it been decided against her, there can be no doubt that she would have asserted her claim under the will, and denied all renunciation. The suit, then, at most, could not have had that effect until the decree in her favour. But that decree was pronounced nearly four years after the testator’s death, and so was not within the time required by law.
On the whole I am of opinion to affirm the decree.