# Richmond.

## PENCE v. LIFE.

### November 23, 1905.

1. ELECTION BY WIDOW—*Dower—Devise of Wife's Land—Code, sec. 2271.* The provisions of sec. 2271 of Code have no application to a case where a testator disposes of property belonging to his wife in her own right and also makes provision for her out of his estate by his will, but were intended to provide how a widow must proceed who desires to reject the provision made for her by her husband's will out of property other than her own, and to take such interest in his lands as the law gives her.

2. ELECTION—*Devise of Wife's Land—Election of Widow—How Made.—* Where a testator disposes of property belonging to his wife in her own right, and also makes provision for her by his will, she has the same right of election as to such property as any other person has, and whether or not she has elected to take under or against the will is to be determined as in other cases. Such election need not be express, but may be implied by conduct, acts, omissions and mode of dealing with the property. In the case in judgment the widow clearly elected to claim her own land by selling and conveying it by deed with covenants of general warranty a few days after the death of her husband. It is immaterial whether the purchaser was a devisee or legatee under her husband's will, or was a stranger to it.

3. SPECIFIC PERFORMANCE—*Terms of Contract—Security for Deferred Payments.*—A vendee of land who is required to specifically perform his contract of purchase should also be permitted to execute a deed of trust to secure the payment of the purchase money bonds not yet due where the contract of purchase provides for such security for deferred instalments of purchase money.

Appeal from a decree in chancery of the Circuit Court of Augusta county. Decree for complainant. Defendant appeals.

*Corrected and affirmed.*

The following extract from the decree appealed from is necessary to a clear understanding of paragraph three of the syllabus:

"Third. That the said defendant, James M. Pence, do forthwith pay to the said plaintiff, Josephine F. Life, or to her counsel, of record in this cause, the said sum of sixty-four hundred dollars, and interest thereon from May 1, 1902, till paid, together with her said costs in this cause, and that he do also forthwith execute and deliver to her or her said counsel his three promissory notes for said three deferred instalments of purchase money; that is to say, each note to be for the principal sum of thirty-two hundred dollars, to bear legal interest from May 1, 1902 (the interest on each note to be made payable at the maturity of each note), and to be made payable to said Josephine F. Life.

"Fourth. That this court will retain in its possession, undelivered, the said deed from said Life to said Pence, which was filed in this cause by said plaintiff as Exhibit B. with her bill, until all of said purchase money, whether now due or hereafter to fall due (together with said costs), shall have been fully paid by said Pence or by some one for him, and will retain the title to said land as security for the payment of said unpaid purchase money (in lieu of requiring same to be secured by trust deed as called for by said written contract of sale and purchase —the failure of said Pence to carry out his said contract, having now rendered it impracticable to secure said unpaid purchase money by trust deed, as originally contemplated), and for the payment of said costs."

*H. H. Blease* and *J. M. Perry,* for the appellant.

*Braxton & McCoy* and *W. H. Landes,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This was a suit for the specific execution of an agreement for the sale and purchase of land.

Two grounds of defense were relied on by the grantee—one, that after entering into the contract sued on, its terms had been changed by a subsequent parol agreement, under which he had gone into possession; the other, that the title to the "Ross parcel," nearly one-fourth of the tract purchased, was defective.

1. The alleged subsequent parol agreement was not proved as stated in the grantee's answer, and if it had been the acts of part performance proved were not sufficient to take it out of the operation of the statute of frauds.

2. *As to the alleged defect in title to the "Ross land."*

One of the parties through whom the vendor claimed to derive title to that parcel of land, was Lettie Freeman.   William Ross, who died in 1812, devised that land (115 acres) to his daughter, Lettie, who afterwards intermarried with Richard Freeeman.   He died February 6, 1870, leaving a will by which he gave to his wife, Lettie, certain personal property, and a life estate in a farm designated as his "home place," which included the "Ross parcel" owned by his wife.   Subject to the life estate given his widow, he devised that portion of the "home place" which embraced the "Ross parcel" to his granddaughter, Signora C. Swisher, and the residue to his daughter, Margaret M. Life.   On the 16th day of that month his widow conveyed the "Ross parcel" in fee simple, with convenants of general warranty, to Margaret M. Life and her husband, Samuel Life.   On the 28th of the same month, Richard Freeman's will was admitted to probate.   On the 17th of the following May his widow departed this life without having renounced her husband's will in the manner prescribed by section 2271 of the Code.   On January 1, 1873, Margaret M. Life and her husband

conveyed the land which was devised her by her father, and the "Ross parcel," to James K. McComb, and on the next day McComb conveyed both parcels to Samuel Life. The latter, by his will, probated August 24, 1894, devised all his lands including the "Ross parcel" to Josephine F. Life, his second wife, the vendor and appellee.

The contention of the appellant (the vendee) is, that the title of the appellee is defective, in this: that Lettie Freeman, the widow of Richard Freeman, having failed to renounce the provisions of her husband's will in the manner provided by section 2271 of the Code, is presumed to have elected to take under the will, and consequently only had a life estate in the "Ross parcel," and at her death it passed in fee to Signora C. Swisher, to whom Richard Freeman had devised it.

The provisions of that statute have no application, as we understand them, to a case like that we are now considering. They were intended to provide how a widow must proceed who desires to reject the provisions made for her by her husband's will out of property other than her own, and to take such interest in his lands as the law gives her. Where a testator disposes of property belonging to his wife, in her own right, and also makes provision for her by his will, she has the same right of election as to such property as any other person, and whether or not she has elected to take under or against the will is to be determined as in other cases. *Penn* v. *Guggenheimer*, 76 Va. 839, 849-50; *Kinnaird* v. *Williams*, 8 Leigh. 400, 31 Am. Dec. 658; *Taylor* v. *Browne*, 2 Leigh. 419.

In *Penn* v. *Guggenheimer*, *supra*, the testator had disposed of certain property owned by his wife and also made provision for her by his will. It was held that the wife was put to her election, and that she could not choose both her own estate and the bequests and devises made in her favor. It was further held that her election need not be express, but might be implied, as in other cases of election, from her conduct, acts, omissions and mode of dealing with the property.

In *Taylor* v. *Browne, supra,* the question was whether the wife's election could be made in any other way than by a renunciation of the will in the manner prescribed by statute. This court held that the Act of Assembly had no relation to a case of election to take by title paramount to the will or under the provisions of the will.

In *Kinnaird* v. *Williams, supra,* the testator, after giving several small legacies, devised all his real estate and slaves to , his wife for life, and an interest in the proceeds of his other personal property after the payment of his debts. He devised the remainder interest in the lands to and for the benefit of other persons. Within a year after the testator's death, his widow instituted a suit against the other persons interested in the real estate under the dispositions thereof made in the will, claiming the whole of the lands as her own, by title paramount to the will, and recovered the same. After her death her sole devisee, who was her personal representative, instituted suit against the executor of her husband, claiming that she had by recovering the real estate devised by her husband renounced his will, and that she was entitled to the same interest in his personal estate as if he had died intestate. The trial court held that by recovering the land in fee and thereby defeating the intentions of the testator, his widow was precluded from claiming as legatee, and that her failure to renounce the provisions of the will in her favor, in the manner and within the time prescribed by statute, precluded her from claiming as distributee of the personal estate, if such renunciation would, after the election she made, have conferred such right, and that consequently her devisee and personal representative was not entitled to recover upon either ground. Upon appeal that decree was affirmed by this court.

These cases and the authorities cited in them show, not only that the widow has the same right of election as other persons where her husband disposes of her property and also makes provision for her by his will, but they also show that such election may be made expressly or impliedly. In the last cited case,

it was held that claiming the land devised, by title paramount to the will, suing for and recovering it from the parties interested under the will, was not only an election to take against the will, but was an actual taking in contravention of the will.

There can be no question of the election of the widow of Richard Freeman to claim the "Ross parcel" of land as her own by title paramount to the will. Her action in conveying it in fee simple, with covenants of general warranty, can be explained in no other way. Being the owner of the Ross parcel by title paramount to the will, and having elected to take against the will, she had the right to sell and convey it to any one who desired to purchase, whether that person was a devisee, or legatee under her husband's will, or a stranger to it. This being so, it clearly appears that the alleged defect in the appellee's title is groundless, and that she is entitled to have the agreement sued on specifically enforced.

The trial court properly so decided, but its decree does not conform as clearly as it ought to the terms of the agreement of sales. No good reason existed why the appellant should be required to carry out the terms of the contract on his part and yet be denied the right to execute a deed of trust to secure the payment of the purchase money bonds not yet due, as he had the right to do under the agreement. See *Watts* v. *Kinney,* 3 Leigh. 293, 23 Am. Dec. 266.

In so far, therefore, as the decree appealed from varies the terms of the agreement of sales beyond what was rendered necessary by the fact that further installments of purchase money had become due and payable, it is erroneous, and to that extent should be corrected; but, as another installment of purchase money has become due since that decree was entered, this court will not modify it, but will affirm it in all other respects, and remand the cause to the Circuit Court for further proceedings to be had not in conflict with the views expressed in this opinion, awarding costs to the appellee as the party substantially prevailing.

*Corrected and affirmed.*