# Staunton.

## Waggoner v. Waggoner and Others.

September 15, 1910.

Absent, Cardwell, J.

1. Wills—*Acceptance of Devise—Election—Intention.*—A person who accepts a benefit under a will must accept the contents of the whole instrument, conforming to all its provisions, and relinquishing every right inconsistent therewith. But in order to make a case of election the intention of the testator to give that which is not his own must be clear and unmistakable. It must appear from his language which is unequivocal and which leaves no room for doubt as to the intention of the testator. It is not necessary that such intention should be expressly declared, but it may be gathered from the instrument as a whole and its several parts. The will, however, must be reasonably construed, even if by so doing the parties are put to an election.

2. Wills—*Election—Devise of Partial Interest to Co-owner.*—If a testator, having an undivided interest in a particular property, devises the property specifically (e. g., the house and lot in which I live) to his co-owner, a case of election arises, and the devisee must elect between his own interest in the property and the interest given him by the will.

3. Wills—*Election—Evidence of Election.*—The proof of an election may be express, or it may be implied from the acts and conduct of the party, but in either case it must have been with knowledge of his rights and with the intention of making an election.

4. Wills—*Election—Effect—Ignorance of Law—Mistake of Fact.*—Where an election is once made by a party bound to elect, either expressly or impliedly, with full knowledge of all the facts, it binds him and those who claim under him, although made in ignorance of the law. Ignorance of law is no excuse for a party's conduct. But the maxim that ignorance of the law is no excuse is confined to matters of the general rules of law, and has no application to the mistakes of persons as to their own private rights and interests. The latter stand on the footing of mistakes of fact.

5.　Wills—*Election — Presumption from Conduct — Knowledge of Rights.*—Where a party has elected to claim under an instrument under a misconception of fact, such election may not be binding. In order to presume an election from the conduct of a person, the person must be shown to have had full knowledge of all the requisite circumstances as to the amount of the different properties, his own rights in respect thereto, and the like; and a person having elected under a misconception is entitled to make a fresh election.

6.　Wills—*Election—Possession of Both Properties.*—Where a person bound to elect between two properties continues in possession or enjoyment of both, or receipt of the rents and profits of both, without being called upon by the other party interested to elect, this conduct indicates no intention of taking one and rejecting the other, and does not therefore amount to an election.

7.　Wills—*Election—Mistake of Fact—Reinstatement of Parties.*— Where a party elects to take under a will under a misconception of fact as to his rights and interests under the will, such election will be disregarded where the other parties affected by such election can be placed substantially in the same situation as if no such election had been made.

8.　Wills—*Renunciation by Widow—Election—Code, Section 2271.*— Section 2271 of the Code has no application to a case where a husband devises property belonging to his wife and makes provision for her by his will out of his own property, but was intended to provide how a widow must proceed who desires to reject the provision made for her by her husband's will out of property other than her own, and to take such interest in his lands as the law gives her. Where a husband disposes of property belonging to his wife in her own right, and also makes provision for her by his will she has the same right of election as to such property as any other person, and whether or not she has elected to take under or against the will is to be determined as in other cases.

Appeal from a decree of the Corporation Court of the city of Roanoke. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Hall, Woods & Jackson,* for the appellant.

*C. B. & H. M. Moomaw,* for the appellees.

Buchanan, J., delivered the opinion of the court.

John P. Waggoner, the husband of the appellant, departed this life in September, 1904, testate. At the time of his death he was the owner of some personal estate, but not sufficient to pay his debts. He was also the fee simple owner of a house and lot, of a lot adjoining and used with the dwelling-house in which he resided at the time of his death, and an undivided half interest in the dwelling-house property, the other half being owned by his wife. He left a window, the appellant, three children by a former wife, who were adults, and one child, an infant, by his last wife. By his will he disposed of all of his property in the following manner:

"First: After all my lawful debts are paid and discharged, I give and bequeath to my beloved wife, Sallie G. Waggoner, the dwelling-house and land connected therewith which we now occupy as a homestead and everything in and about said premises, the above to be held by her during her life time, or such portion thereof as she may remain my widow.

"Second: She shall have all monies or any other property that may at any time come into my possession, this all to be used by her for the benefit of herself and my legal minor heirs, and at her death or marriage, all property of whatever kind shall be used for the benefit of my legal minor heirs. And after all my children shall have arrived at the age of twenty-one years, all property of whatsoever kind shall be equally divided among the same or their legal heirs (provided, however, that my wife, Sallie G. Waggoner, still survives me and remains my widow). The property shall not be divided so long as she shall live and remain as above stated.

"Third: I hereby appoint my wife, Sallie G. Waggoner, to be my executrix. And in case of her death or marriage, then the eldest of my surviving sons shall act as my executor."

The main question involved in this case depends upon the construction to be placed upon the first clause of the will. If

by that clause the testator intended to devise the whole of the
dwelling-house or homestead property to the appellant and
not merely his undivided interest therein, it was incumbent
upon the appellant to make her election, since she cannot
claim both her own estate in that property and the provisions
made for her by the will. For it is well settled that he who
accepts a benefit under a will must accept the contents of the
whole instrument, conforming to all its provisions and relin-
quishing every right inconsistent therewith. *Penn* v. *Guggen-
heimer*, 76 Va. 839, 846-7, and authorities cited. But in or-
der to make a case of election it is equally well settled that
the intention of the testator to give that which is not his
own must be clear and unmistakable. It must appear from
his language, which is unequivocal and which leaves no room
for doubt as to the intention of the testator. *Penn* v. *Guggen-
heimer*, *supra*, and authorities cited. It is not necessary that
such intention should be expressly declared, but it may be
gathered from the whole and every part of the instrument.
But the will must be reasonably construed, even where by so
doing the parties are put to an election. *Penn* v. *Guggen-
heimer*, *supra*, and cases cited; *Wilkinson* v. *Dent*, L. R. 6
Chan. 339.

The difficulty of ascertaining the testator's intent is gen-
erally if not always greater where he has a partial interest
in the property devised than where he undertakes to dispose
of an estate in which he has no interest. In the former case,
the presumption is that he intended to dispose of that which
he might properly devise and nothing more; and this pre-
sumption will always prevail unless the intention is clearly
manifested by demonstration plain, or necessary implication
on the part of the testator to dispose of the whole estate
including interests other than his own. Usually where he
has an undivided interest in certain property and he uses
general words in disposing of it, as "all my lands," or "all
my estate," no case of election arises; for it does not plainly

appear that he intended to dispose of anything not his own. *Penn* v. *Guggenheimer, supra,* and authorities cited; note to *Noys* v. *Mordaunt,* White & Tudor's Lead. Cases, Vol. 1, Pt. 1, 514, and cases cited. But if a testator having an undivided interest in a particular property devises the property specifically to his co-owner, a case of election does arise and the devisee must elect between his own interest in the property and the interest given him by the will. *Same authorities; Miller* v. *Thurgood,* 33 Beavan, 496; *Padberry* v. *Clark,* 2 McNaughton & Gordon, 297.

Let us apply these principles to the case under consideration. By the first clause of the will the testator devises the dwelling-house and land connected therewith occupied by him and his wife as a homestead. That property consisted of two parcels—one lot upon which the dwelling-house was situated and in which he only owned an undivided moiety, and another lot connected with and used as a part of the homestead, of which he was the sole owner. The devise is not limited to his interest in the lands devised. The property is described specifically as that occupied as a homestead and as an entirety. The language of the devise is such as would be suitable in disposing of the whole property. It is ample, complete and correct for that purpose, but wholly inapplicable to a gift of a moiety merely in the lot on which the dwelling-house was located.

It seems to us that there can be no reasonable doubt that it was the intention of the testator to dispose of the entire homestead property.

Having reached the conclusion that the appellant, by the provisions of her husband's will, was put to her election, and that she could not and cannot choose both her own estate and the bequests made in her favor, the next question is, has she made such election?

The proof of an election may be express or it may be implied from the acts and conduct of the party, but in either

case it must have been with knowledge of the party's rights and with the intention of making an election. See *Showalter* v. *Showalter*, 107 Va. 713, 720, 60 S. E. 48, and authorities cited.

There was no express election in this case. The acts and conduct of the appellant, in holding and using the property actually owned by her husband and in claiming it in her bill show that she was claiming under the will. But there is nothing in her acts, and conduct nor in the allegations of her bill, which show that in claiming her husband's property given her by the will she knew that she must surrender her fee simple interest in the dwelling-house property, or that she intended to do so. There is nothing to show that she has not always placed the same construction upon the will that she now contends for, and that she did not in good faith shape her conduct by such interpretation. So far as the record shows no one placed a different construction upon it prior to the filing of the answer of the adult appellees, or that she was ever called upon by any party in interest to elect which of the two interests she would take—her own simple interest in the dwelling-house property or the interest given her by the will.

Where an election is once made by a party bound to elect, either expressly or impliedly, with full knowledge of all the facts, it binds him and those who claim under him, although made in ignorance of the law. *Penn* v. *Guggenheimer, supra,* 76 Va., p. 850-1. Ignorance of law is no excuse for a party's conduct. But, as was held in *Burton* v. *Haden,* 108 Va. 51, 56, 60 S. E. 736, 15 L. R. A. (N. S.) 1038, the maxim that ignorance of the law is no excuse is confined to matters of the general rules of law and has no application to the mistakes of persons as to their own private rights and interests. The latter, as was said in that case, stand upon the footing of mistakes of fact.

"It is true," said Lord Chancellor Westbury in *Spread* v.

*Morgan,* 11 H. of L. Cases 588, 602, "as a general proposition, that knowledge of the law must be imputed to every person, but it would be too much to impute knowledge of this rule of equity (election) ;    . . . ."

Treating this rule of equity as a matter of fact and not as a matter of law, it would seem that the appellant's election to claim under the will of her husband was made under a misconception of her rights.

Where a party has elected to claim under an instrument under a misconception of fact, such election may not be binding.

In 2 Pom. Eq. Jur., sec. 515, it is said: "To raise an inference of election from the party's conduct merely, it must appear that he knew of his right to elect and not merely of the instrument giving him such right, and that he had full knowledge of all the facts concerning the parties. As an election is necessarily a definite choice of the party to take one of the properties and to reject the other, his conduct, in order that an election may be inferred, must be done with an intention to elect and must show such intention."

In 1 Jarman on Wills, m. p. 435, it is said: "In order to presume an election from the acts of any person, that person must be shown to have had full knowledge of all the requisite circumstances, as to the amount of the different properties, his own rights in respect to them, etc., and a person having elected under a misconception is entitled to make a fresh election."

In 2 Min. Inst. (4th ed.) at p. 1006, quoted with approval in *Showalter* v. *Showalter, supra,* it is said: "It is well established that no one shall be constrained to make an election until the interests to which the election relates are clearly defined and their relative values ascertained; and an election made before that is done will for the most part be disregarded, at least if made under mistaken impressions as to the facts; but only upon the terms (supposing the election to have

been unambiguously made) of restoring other persons, whose rights are affected by the party's act of election, to the same situation substantially as if the act had not taken place." And at page 1008 it is said: "Clear proof of an election made must be furnished, and ambiguous acts and conduct will in general not be so construed, unless in those cases where the interests of others have been affected by the acts and require that they should be interpreted to amount to an election. * * *"

Where a person bound to elect between two properties continues in possession or enjoyment or receipt of the rents and profits of both, without being called upon by the other party interested to elect, this conduct indicates no intention of taking one and rejecting the other, and does not, therefore, amount to an election. 1 Pom. Eq. (1st ed.), sec. 575, citing among other cases *Spread* v. *Morgan, supra.* See also *Padbury* v. *Clark, supra.*

From these authorities it would seem clear that where a party elects to take under a will under a misconception of fact as to his rights and interests under the will, such election will be disregarded where the other parties affected by such election can be placed substantially in the same situation as if no such election had been made.

The only person affected by the election made by the appellant is her infant son, and nothing has grown out of her action which will work wrong or injury to him.

It is earnestly insisted by the appellees' counsel that it is too late now for the appellant to make a new election, since the statute (Code 1904, sec. 2271) requires that a widow must renounce, if at all, the provisions of her husband's will within one year after its admission to probate.

That section has no application to a case like this. "It was intended to provide how a widow must proceed who desires to reject the provisions made for her by her husband's will out of property other than her own and take such in-

terest in his lands as the law gives her. Where a testator disposes of property belonging to his wife in her own right, and also makes provision for her by his will, she has the same right of election as to such property as any other person, and whether or not she has elected to take under or against the will is to be determined as in other cases." *Pence* v. *Life*, 104 Va. 518, 521, 52 S. E. 257, and cases cited; *Showalter* v. *Showalter, supra.*

We are of opinion that the appellant has not yet made an irrevocable election, and that the trial court erred in holding that she had.

We are further of opinion that the trial court in the decree appealed from properly construed the will, and that the cross-error assigned is without merit.

For the error in the decree, holding that the appellant had made a binding election, the decree must be reversed, and the cause remanded to be further proceeded in not in conflict with the views expressed in this opinion, and with liberty to the appellant to make her election between her fee simple interest in the dwelling-house property and the life estate or less in all the property disposed of by her husband's will.

*Reversed.*