WILL OF SCHAECH: SCHAECH (Teresa) and another, Appellants, vs. SCHAECH (Florence), Respondent. [Two cases.] *

*February 17—March 29, 1948.*

* Motion for rehearing denied, without costs, on July 1, 1948.

300

302

For the appellants there was a brief by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, all of Milwaukee, and oral argument by *H. F. Lichtsinn.*

For the respondent there was a brief by *Torphy & Torphy* of Milwaukee, and oral argument by *Martin J. Torphy.*

FOWLER, J. The case involves two appeals. One is by a daughter of the testator from a judgment of the county court of Milwaukee county denying her petition to require the widow of the testator to elect whether she will take under the will of the testator and renounce whatever right she may otherwise have or "whether she shall renounce said will and take apart therefrom." The widow and the daughter are the only heirs. The other appeal is by two aunts of the daughter of the testator who claim that had the court, as it should have, required the widow to elect and she had elected to take under the will they would be entitled to awards of $500 each under the will. The widow made no election but by petition requested for construction of the will to declare (1) "What property passes" to the widow by the provision—"all personal property, etc., unless otherwise stipulated, to my wife;" . . . (2) Can decedent, by his will dispose of four designated insurance policies in which his wife is named as beneficiary? (3) Can decedent dispose of the joint bank account of himself and wife? (4) Can decedent dispose of his interest in the homestead of the testator and his wife in the name of the two as joint tenants? (5) What becomes of the bequests to the two aunts payable out of a designated insurance policy payable to the widow when there are no monies from the company to pay the bequest? (6) For an order and judgment determining what property belongs to the estate and to whom decedent's property is to be distributed.

The property here in question under which the parties claim their respective rights consists of insurance policies and property held in joint tenancy by a husband and wife. As to the insurance policies the court held that they or the money due thereon at the testator's death did not belong to his estate but to the wife, and therefore the testator could by will transfer no claim thereunder to the aunts of the daughter of the testator. The bequests by their terms were to be paid out of a designated insurance policy not belonging to or payable to the estate of the testator but belonging to and payable to the wife of the testator. That the insurance belonged to the wife and the testator's estate had no interest therein and therefore no interest under the policy could be passed from the widow against her will is unquestionably correct. *Christman v. Christman,* 163 Wis. 433, 157 N. W. 1099. But it does not follow that the widow could not take under the will if compelled to make her election, and that if she elected so to take all beneficiaries would also take according to the provisions of the will.

The three insurance policies first named in the will were of $1,000 each, each payable by its terms to the widow of the testator and were in force at the death of the testator. The policy of the St. Joseph Benevolent Society for $250 was also payable to the widow. There are four policies named in question (2) of the widow's prayer for relief. The Connecticut Mutual Insurance Company policy named in immediate connection was not in force at decedent's death and the other policy there named was an accident policy on which nothing was payable.

The Milwaukee Journal group insurance policy of the Prudential Insurance Company for $6,000 was by its terms payable to the daughter of the testator and $6,000 was due her thereon.

The real estate of the decedent was not only in the joint names of the testator and his wife but the wife had contributed from her own funds a large part of the consideration therefor.

The inventory of the deceased shows that besides the insurance and other property named in the will the deceased owned at his death one hundred twenty units of Milwaukee Journal stock appraised at $8,271.60 and other items of personal property aggregating with this stock $10,174.80. The first item of gift in the will is: "All personal property, etc., unless otherwise stipulated, to my wife, Florence L. Schaech." The first request of the widow in her petition is for construction of this provision. The county judge construed it as meaning what it said—including all personal property, intangible, as well as tangible, and as giving all items above referred to to the widow. This is in effect a finding of fact that the testator intended by the first provision of the will that these items should all go to his widow and this finding cannot be disturbed.

As to the appeal of Teresa and Carolyn Schaech we think the case is plainly ruled by *Allen v. Boomer*, 82 Wis. 364, 52 N. W. 426. In that case a wife gave to her husband by will certain of her property and also gave certain of his property to a third person. This put it up to Allen to elect whether to take her property under the will. If he took her property under the will he must surrender his property given by his wife's will to the third person. So here. The widow cannot take the units of the Milwaukee Journal stock, worth $8,000, and not give up her rights to the $1,000 under the life insurance policy which the testator wished to be paid to his sisters-in-law. There is no escape from the ruling of the *Allen Case*. We must adhere to it or overrule it. The rule of that case is well established. 4 Page, Wills (lifetime ed.), sec. 1355, says of it:

"A testator frequently attempts by will to dispose of the proceeds of life insurance policies, payable to certain designated beneficiaries, and not subject to his disposition by will. In such a case if testator makes some other provision by his will for the beneficiaries under the life insurance policy, a case for election is created, and the beneficiaries under the will have their choice between taking the life insurance and accepting the benefits of the will, and their election of either waives their

right to the other." See 2 Pomeroy, Eq. Jur. (5th ed.), sec. 461.

The county judge based his ruling as to the policies of insurance wholly on the *Christman Case, supra,* which does not involve any fact which invokes the doctrine of election. The testator in that case attempted to will insurance due on a policy payable to his divorced wife to his father and nieces, without willing anything to her, except an amount due at his death to her by the terms of another policy of insurance. Thus the ex-wife received nothing by the terms of the will that belonged to the deceased and was thus not charged with the duty of disposing of the insurance according to the will.

Counsel for the respondent lay stress upon two statutes, secs. 238.01 and 238.05, which declare what property, real and personal, may be passed by will. But these statutes were in force as far back as R. S. Stats. 1849, secs. 1 and 4, ch. 66, and were as effective when the *Allen Case* was decided as now. They did not then serve to render the bequest involved nugatory under the circumstances. No more do they now.

No Wisconsin case expressly covers the devise of the testator's joint interest in the real estate to the daughter by his will, but the nature of the interest in the property involved makes no difference in applicability of the principle of election. In 4 Page, Wills (lifetime ed.), sec. 1358, it is said:

"A tenant in common, joint tenant, or tenant by the entirety, who devises the whole of such real estate to some one other than the other tenant, and then gives to such other tenant other property by will, puts such other tenant to an election between retaining his original interest in such real estate or accepting the benefits of the will."

The following cases will be found to support the contention that the widow must elect whether to take under the will, and if she so takes the daughter will take the testator's half interest in the joint real estate: *Young v. Biehl* (1906), 166 Ind. 357, 77 N. E. 406; *Smith v. Butler* (1892), 85 Tex. 126, 19 S. W.

1083; *Waggoner v. Waggoner* (1910), 111 Va. 325, 68 S. E. 990, 30 L. R. A. (NS) 644; *Colden v. Alexander* (1943), 141 Tex. 134, 171 S. W. (2d) 328; *Morrison v. Fletcher* (1905), 119 Ky. 488, 84 S. W. 548; *Thurlow v. Thurlow* (1944), 317 Mass. 126, 56 N. E. (2d) 902; *Penn v. Guggenheimer* (1882), 76 Va. 839; *Job Haines Home v. Keene* (1917), 87 N. J. Eq. 509, 101 Atl. 512.

It follows that except as secs. 233.13 and 233.14, Stats., may provide otherwise the appellants were entitled to have respondent elect whether to take under the will as prayed by the petition of the daughter. However, these statutes fix the widow's obligation relative to election. Sec. 233.13 provides:

"*Election between dower and devise.* If any lands be devised to a woman or other provisions be made for her in the will of her husband she shall make her election whether she will take the lands so devised or the provision so made or whether she will claim the share of his estate provided in section 233.14; but she shall not be entitled to both unless it plainly appears by the will to have been so intended by the testator."

The widow might elect under sec. 233.13, Stats., regardless of its effect upon the rights of appellant.

Sec. 233.14, Stats., provides:

"*When deemed to have elected to take devise, etc.* When a widow shall be entitled to an election under either sections 233.12 and 233.13 she shall be deemed to have elected to take such jointure, devise or other provision unless within one year after the filing of a petition for the appointment of an administrator of the estate or for the probate of the will of her husband she file in the court having jurisdiction of the settlement of his estate notice in writing that she elects to take the provisions made for her by law instead of such jointure, devise or other provision; . . . "

Under this provision the widow had the absolute right to postpone her election to one year from the time of the filing of a petition for the probate of the will.

In this situation the daughter's petition raised no issue as to the widow's obligation to elect. By the special request in its first paragraph the petition showed necessity for the executor's petition for construction. The judgment appealed from was entered August 6, 1947. The will was filed for probate October 9, 1946. Thus when the judgment was entered the widow's time for exercising her right of election had not expired, and the distribution of the estate, in absence of election by her, was premature and erroneous. It follows that the judgment of the county court so far as it merely construes provisions of the will should be affirmed; and that so far as it distributed the testator's estate it should be vacated and the record should be remanded with direction to enter such judgment of construction and for further proceedings to settle the estate and pay the appellants their legacies under the will and assign to appellant Mickowski the testator's half interest in the real estate held by the spouses jointly.

*By the Court.*—The judgment of the county court construing the first paragraph of the will to pass all personal property possessed by the testator at his death to his widow except as otherwise stipulated in his will is affirmed; and the other provisions of the judgment are vacated and set aside; and the court is directed to enter judgment declaring the widow to have elected to take under the will; adjudging the will valid in all its terms; directing the executor to pay appellants Schaech each $500 out of the funds in his hands as executor; and to all other beneficiaries named in the will the amounts of their several legacies and deliver to them their specific legacies; directing that the judgment assign to Carol Mickowski the half interest of the testator in the real estate held jointly by the testator and his wife; and directing concluding the administration and distribution of the estate as required by the terms of the will and the law.

The following opinion was filed July 1, 1948:

ROSENBERRY, C. J. (*on motion for rehearing*). Respondent moves for rehearing on the ground that the court was in error in holding that the election by the widow was based on the dower statutes and in holding that the period of time for election has elapsed. The facts are stated in the opinion and will not be restated here. The material part of sec. 233.14, Stats., is set out in the original opinion.

However, respondent is correct in her contention that the period for election under the statute had not yet expired. The court's attention was not called to sec. 233.15 (2), Stats., which provides:

"The period of time from the commencement to the final determination of any action brought to contest the validity of any will, jointure or pecuniary provision furnishing any such right of election, or to obtain a judicial interpretation of any such will, shall not constitute any part of the period within which such election may be made."

However, the election provided for in sec. 233.14, Stats., is not the only method by which an election may be made. It is well established that where a legatee makes a claim depending upon the will, the legatee thereby elects to accept the provisions of the will. Such an election is denominated an equitable election. In the case of *Allen v. Boomer* (1892), 82 Wis. 364, 52 N. W. 426, the facts were that the husband under the will of his wife took only a life estate in her property. However, her will disposed of his property and gave him property belonging to her. He was therefore put to an election whether he would take under the will or reject the provision made for him therein. By propounding her will for probate, qualifying as an executor, and claiming under the will the residue of her estate to the exclusion of her heirs and his own, the husband elected to take under the will, and such election binds him by all its provisions which affect him or his property. This case, with a large collection of other cases, is cited in 156 A. L. R. 820, 823. The entire matter of election by a

beneficiary to take by or against a will is dealt with in an annotation to be found in 166 A. L. R. beginning at p. 316.

*Duden v. Duden* (1921), 191 Iowa, 515, 516, 182 N. W. 795, is a case upon its facts almost parallel to the case under consideration. The court said:

"Appellants contend that the record fails to show affirmatively that the appellee [widow] elected to accept the terms and provisions of the will of the testator. There is no merit in this contention. The bringing of this action and the allegations of the petition are sufficient, in and of themselves, to constitute such an election to take under the will. The appellee sets out the will as a part of her petition, alleging that the amount sought to be recovered is now due thereunder, and prays for a construction and interpretation of the said will in her behalf. We have heretofore held in *Arnold v. Livingston,* 157 Iowa, 677, that: 'the widow may elect to accept the devise at any time, and that this fact can be shown by any competent evidence that satisfies the court that she did so elect before death.' . . . 'The election determines the choice, and this choice may be shown by expressed words of election and, as in this case, the actual taking of the thing bequeathed, or it may be shown in any other manner that clearly makes manifest that an election has been made.' "

To the same general effect see the following cases: *Schubert v. Barnholdt* (1916), 177 Iowa, 232, 158 N. W 662; *Davis v. Badlam* (1896), 165 Mass. 248, 43 N. E. 91; *Matter of James* (1917), 221 N. Y. 242, 116 N. E. 1010.

In this case, on March 18, 1947, the respondent, not satisfied with the construction of the will already prayed for by the executor and in opposition to such petition and to appellants' petition, filed her cross petition in which she prayed not merely for construction of the will but specifically "for an order and judgment determining what property belongs to this estate and to whom deceased's property is to be distributed." She asserted her claims under the will of her deceased husband and

by so doing, according to the great weight of authorities, elected to take under the will. She, in effect, contended that she could take under the provisions of the will favorable to her and reject and disregard the balance. The trial court held in accordance with her contention. The manner in which the court distributed the property is stated in the original opinion and need not be repeated here.

It therefore appears that while the wrong ground was assigned for upholding the contention that the widow had elected to take under the will, that under the facts of the case it must be held that the widow, by what she did in the matters relating to the probate of her husband's estate, so elected.

Motion for rehearing denied, with $25 costs in one case.

FRITZ, J., dissents.