### Staunton.

### DICKENSON v. SCOTT AND OTHERS.

September 11, 1916.

1. SPECIFIC PERFORMANCE—*Conformity to Contract of Parties.*—When a court of equity grants specific performance of a contract for the sale of real estate, it must, substantially at least, conform to the contract made by the parties; and a material departure from such terms to the detriment of the purchaser constitutes reversible error.

Appeal from a decree of the Circuit Court of Washington county.   Decree for the complainant.   Defendant appeals.

*Modified and Affirmed.*

The opinion states the case.

*John W. Neal,* for the appellant.

*L. P. Summers,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

Appellee, H. H. Scott, being the owner of certain lots in the town of Abingdon, listed them for sale at public auction with the Southwest Land Company, a firm of real estate auctioneers. At the sale, one of the lots was knocked out to appellant, B. E. P. Dickenson, at $3,000, who signed a memorandum in writing agreeing to settle for the property on the terms of sale, to-wit, one-fourth cash, and the residue at six, twelve, eighteen and twenty-four months, giving notes

32

with approved security, bearing interest from date, for the deferred installments.  Appellant failed to comply with the sale, and appellee brought suit for specific performance, filing with his bill a deed with covenants of general warranty, in which his wife united, conveying the lot to the purchaser, to be delivered upon his compliance with the contract of sale.

It appeared that a vendor's lien and judgment upon the land, both of which had been satisfied, by inadvertence had not been so marked, and that there were some unpaid taxes and other small demands against the lot.  But the title had been cleared by appellee at the time of the entry of the decree under review, and the deed conveyed a good, marketable title.

The ground of error complained of was that the decree for specific performance directed that unless the purchaser should pay off the debt asserted in the cause within twenty days, the lot should be sold at public auction for cash sufficient to pay the costs of suit and sale and one-third of the purchase price, and the balance on a credit of six and twelve months. The conditions imposed on the purchaser, both for the redemption of the land and the terms of sale, in the event of a resale, were materially different from the stipulations of the original contract between the parties.

The rule in such case is that when a court of equity grants specific performance it must, substantially at least, conform to the contract made by the parties; and a material departure from such terms to the detriment of the purchaser constitutes reversible error. *Rison* v. *Newberry*, 90 Va. 513, 18 S. E. 916; *Pence* v. *Life*, 104 Va. 518, 52 S. E. 257.

The last named case is strikingly in point.  Judge Buchanan, in delivering the opinion of the court, after

pointing out that the decree for specific performance did not conform as clearly as it ought to the terms of the agreement of sale, observes: "In so far, therefore, as the decree appealed from varies the terms of the agreement of sale beyond what was rendered necessary by the fact that further installments of purchase money had become due and payable, it is erroneous, and to that extent should be corrected; but as another installment of purchase money has become due since that decree was entered, this court will not modify it, but will affirm it in all other respects, and remand the cause to the circuit court for further proceedings to be had not in conflict with the views expressed in this opinion, awarding costs to the appellees as the party substantially prevailing."

So, in this instance, the case must be remanded and a decree made conforming to the rights of the parties under their contract at such time as the same may be entered, with costs to the appellee.

*Modified and Affirmed.*