## Richmond

JOSEPH D. HUSELTON, ET AL. v. HELEN A. ROOP, ET AL.

August 28, 1974.

Record No. 730860.

Present, All the Justices.

*G. Richard Pfitzner*, for appellants.

*Andrew E. Colclough (Charles McDonnell Radigan; Adams, Porter, Radigan & Mays*, on brief), for appellees.

Per Curiam.

Joseph D. Huselton and Lena G. Huselton (Purchasers) filed a bill against Helen A. Roop (Seller) for specific performance of a contract of sale of realty dated July 21, 1971. The contract provided that " [t]he purchaser agrees to comply with the terms of sale herein within .... 60 .... days from the date of acceptance by owner or as soon as financing can be obtained. . . ." Seller filed a cross bill against certain realtors alleging undue influence and duress. On May 14, 1973, the chancellor orally granted Purchasers' prayer for specific performance but conditioned the oral order upon payment of the purchase price within 30 days.

On May 23, 1973, Seller filed a motion for reconsideration. By reason of the chancellor's scheduling conflicts, the hearing on the motion, originally set for June 6, 1973, was continued by agreement of counsel to June 13, 1973. On the morning of that day, the 30th day following the oral order, the chancellor entered a written decree dismissing the cross bill, granting specific

performance against Seller, and expressly requiring payment of the purchase price "within thirty (30) days from May 14, 1973".[1] Late in the afternoon of the same day, in the offices of the independent settlement attorneys, Purchasers completed all documents necessary for settlement, but the loan proceeds did not reach the hands of the attorneys. Thereafter, the chancellor orally upheld the refusal of Seller's attorney, one of three special commissioners, to join in execution of the deed on the ground that Purchasers had failed to make payment within 30 days from May 14, 1973.

> "Equity cannot make or alter a contract for the parties and then execute it. If the contract must be reformed before it can be executed, it can only be reformed in a suit for that purpose. . . ." *Rison* v. *Newberry,* 90 Va. 513, 521, 18 S.E. 916, 919 (1894). *See Sale* v. *Swann,* 138 Va. 198, 209, 120 S.E. 870, 873 (1924).

> "[W]hen a court of equity grants specific performance [of a contract for the sale of real estate] it must, substantially at least, conform to the contract made by the parties; and a material departure from such terms to the detriment of the purchaser constitutes reversible error." *Dickenson* v. *Scott,* 119 Va. 497, 498, 89 S.E. 869, 870 (1916).

Applying these rules, we are of opinion that the terms of the final decree were a departure from the terms of the contract, that the departure was material, and that the departure worked a detriment to Purchasers and constituted reversible error.

The contract provided, "Time shall be of the essence of this contract." Both the rights and obligations of that provision applied to both Seller and Purchasers. The time fixed for settlement was "within .... 60 .... days from the date of acceptance by owner or as soon as financing can be obtained". At the time of trial, nearly two years had expired "from the date of acceptance by owner", and the 60-day time limit was no longer meaningful; the operative time limit then was "as soon as financing can be obtained". Necessarily implied in this language is a reasonable time for Purchasers to obtain financing. Even when a contract fails to fix any time for performance,

---

[1] The chancellor deleted typed language in the tendered decree which stated "of the finality of this order . . ." and inserted "from May 14, 1973".

the law implies a reasonable time. *Appalachian Power Co.* v. *Walker,* 214 Va. 524, 535, 201 S.E.2d 758, 767 (1974).

Had the oral order entered May 14, 1973 been a final order, we cannot say that a 30-day time limit would have been unreasonable or that it would have constituted a material or prejudicial departure from the terms of the contract. But it was not a final order. As appears from correspondence which passed between counsel and the chancellor, counsel agreed that Seller's motion to reconsider the oral order would be heard on June 13, 1973. Thus, counsel agreed that the oral order was not the final order. The written decree entered after disposal of the motion to reconsider became the final decree. The 30-day time limit fixed in that decree was imposed retroactively to begin on May 14, 1973 and to end on the very day it was imposed. We hold that the time remaining on that day was not a reasonable time and the terms of the final decree constituted a prejucidial departure from the contract language "as soon as financing can be obtained."

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*