## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Erskine R. Knick

v.

William A. Humphries

October 18, 1977

By Judge Roscoe B. Stephenson, Jr.

Having maturely considered the law and the evidence presented, I conclude that Mr. Knick is not entitled to specific performance.

"In order for a litigant to avail himself of the remedy of specific performance, 'he must show that he has been able, ready, prompt, eager and willing to perform the contract on his part. He must not have remained quiet or held himself aloof so as to enforce or abandon the contract as events might prove advantageous'." *Keutt v. Jordan*, 207 Va. 869, 873, 153 S.E.2d 197, 200 (1967); *Mundy v. Hesson*, 215 Va. 386, 391, 209 S.E.2d 917, 920 (1974).

The parties contracted on October 11, 1974. The transaction was to be closed on or before December 12, 1974. Mr. Humphries cancelled the contract by letter dated December 12, 1974. This suit was not filed until June 18, 1976. There is no evidence that Mr. Knick, his agent or his attorney made any demands upon Mr. Humphries between December 12, 1974, and June 18, 1976, a period of approximately 18 months.

There is evidence indicating that Mr. Knick was neither able nor ready to perform on the scheduled closing date or at anytime thereafter. An essential provision of the contract related to the assumption of a deed of trust by Mr. Humphries, but Mr. Knick never obtained the required authority from the noteholder, the Bank, for such an assumption, and there is no evidence that such authority could have been obtained. Moreover, prior to the time this suit was filed, Mr. Knick had paid the deed of trust and had the same released. While he indicated a willingness to take a deed of trust himself, this would not conform to the original contract.

Equity cannot make or alter a contract for the parties and then execute it. In granting specific performance, the court must conform to the contract made by the parties, and a material departure therefrom is reversible error. *Huselton v. Roop*, 215 Va. 127, 128, 207 S.E.2d 826, 827 (1974); *see also, Verling v. Quarles*, 217 Va. 188, 190, 227 S.E.2d 684, 685 (1976).

I hold, therefore, that under the evidence, which was heard *ore tenus*, Mr. Knick was neither able, ready, prompt, nor eager to perform the contract. Accordingly, his prayer for specific performance is denied.