## Richmond

EASCALCO, INC.

v.

HARRY A. CAULFIELD, ET AL.

November 21, 1979.

Record No. 780378.

Present: All the Justices.

*Wm. Alfred Talley, Jr.,* for appellant.
*George P. Smith, Jr.,* for appellees.

PER CURIAM.

In this appeal, the question presented is whether the trial court, upon decreeing specific performance by the purchasers under a contract for the purchase of land, may alter the provisions of the contract in respect to interest.

Eascalco, Inc., and Harry A. Caulfield and Rosemarie Caulfield entered into a contract dated March 11, 1976, under which the Caulfields agreed to purchase from Eascalco and Eascalco agreed to sell to the Caulfields a tract of land for $47,500. Under the terms of the agreement the Caulfields paid a $1,000 deposit at the time the contract was executed. They were required to pay an additional $6,500 in cash at closing on April 15, 1976, and to execute a purchase money deed of trust to secure an obligation evidencing the balance of $40,000 payable in ten annual installments to Eascalco, with interest at 8% per annum, payable semi-annually. The contract also contained the following provision:

"If buyer does not close on settlement date, interest on the unpaid balance of purchase price will be charged at 8% per annum."

The Caulfields refused to close the purchase, and Eascalco filed an amended bill against them in the trial court, seeking specific performance. The chancellor conducted a hearing, found the contract to be valid and binding and entered a decree ordering the Caulfields to "comply with all provisions of the contract of sale. . . ." Thereafter, Eascalco moved that the Caulfields be held in contempt of court for their continuing failure to perform the contract, and specifically for their refusal to pay interest on the purchase price from April 15, 1976, the settlement date set by the contract. By decree entered December 16, 1977, the chancellor ordered the Caulfields to pay interest on $6,500 from April 15, 1976, until the transaction was consummated. The decree concluded with the recitation that the parties had complied with the terms of the decree and had completed the transaction. Eascalco has appealed, contending that the chancellor had no authority to vary the terms of the contract of sale by denying the seller interest on the sum of $46,500 from April 15, 1976, until the sale was closed. We agree.

■ A court cannot alter the terms of a contract and then enforce it; when specific performance is granted, the contract must conform substantially to the contract made by the parties. *Huselton* v. *Roop,* 215 Va. 127, 128, 207 S.E.2d 826, 827 (1974); *Dickenson* v. *Scott,* 119 Va. 497, 89 S.E. 869 (1916). Thus, when a contract for the sale of land contained an express provision for payment of interest upon deferred purchase money, the seller was not in default in closing the transaction, and the court granted specific performance, we held that the interest provision must be enforced. *Sale* v. *Swann,* 138 Va. 198, 120 S.E. 870 (1924).

■ Code § 8-223 (now § 8.01-382), upon which the Caulfields rely, is inapplicable. This statute gives the jury, or the judge in a non-jury trial, discretionary power to provide for interest on any principal sum awarded, and to fix the period at which the interest shall commence. But this statute does not permit the allowance of interest in the decree or judgment contrary to the terms of the contract. *The Pittston Co.* v. *O'Hara,* 191 Va. 886, 897, 63 S.E.2d 34, 40; *appeal dismissed,* 342 U.S. 803 (1951).

In the present case, we hold that Eascalco is entitled to have the interest provision of the contract enforced. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*