PARVIN D. SHEPHERD

V.

KENT W. COLTON, ET AL.

Record No. 870250

April 21, 1989

Present: All the Justices

*David Pijor (Stephen G. Cochran; Carl A. Herbst; Cochran & Pijor*, on briefs), for appellant.
*R. Terrence Ney (C.J. Steuart Thomas, III; Martin E. Morris; McGuire, Woods, Battle & Boothe*, on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The question in this appeal is whether the plaintiff's evidence establishes a prima facie case for decreeing specific performance of a contract for the sale of real property.

Parvin D. Shepherd sued Kent W. Colton and his wife, Kathryn (collectively, the Coltons), to compel specific performance of a

contract for the sale of certain real property. At the conclusion of Shepherd's *ore tenus* evidence, the trial court struck her evidence and entered final judgment in favor of the Coltons. Shepherd appeals.

Under well-established principles of appellate review, we must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to Shepherd. The Coltons own a tract of land in Fairfax County containing 6.97 acres. On March 31, 1985, they entered into a written contract with Shepherd in which they agreed to sell to Shepherd one lot from the tract. The lot (hereinafter, Lot B) was shown on a proposed subdivision plat of the tract and contained 39,000 square feet, more or less.

In the same instrument, the Coltons granted to Shepherd the option to purchase a second lot from the tract (hereinafter, Lot A). On November 25, 1985, Shepherd exercised the option.

When the instrument was executed, Shepherd knew that County approval of the proposed subdivision was required. In August 1984, the Coltons had submitted a request to the County for approval of their subdivision proposal; however, the County had not acted upon the request at the time the parties executed the contract. The subdivision proposal called for the tract to be divided into three parcels — the two subject lots and the residue of the Coltons' tract.

The County ultimately denied the subdivision request because the Coltons' residue would have contained less than the five acres required by the County for a simple subdivision. The Coltons stipulated, however, that they could obtain approval of a subdivision with just Lot B. Nevertheless, they refused to convey Lot B and claimed that the contract was null and void as to both lots.

County officials testified that the Coltons could obtain approval for a subdivision containing both lots if the Coltons either dedicated a 30-foot strip of road frontage or acquired an additional .03 acre of land. The Coltons, however, were unable to acquire the additional land. Furthermore, a County official testified that the dedication of the road frontage likely would place the Coltons' house, which is located on the residue, in violation of the County's setback requirement.

In striking Shepherd's evidence, the trial court concluded that County approval of the proposed subdivision was a condition precedent to the Coltons' conveying title to the two lots. The court further concluded that the contract required the recordation of

both lots to effect a settlement. The court based its decision upon clause 8 of the contract, which provides as follows:

> SETTLEMENT DATE. Time is of the essence. The SELLER and PURCHASER agree to make full settlement in accordance with the terms hereof on or before the 30th day of May, 1985. If a longer time is required to secure a report of the title and a survey, or to finance or process the loan, if applied for in accordance with this contract, then the date of settlement shall be extended for sufficient time to effect these conditions, but not later than 30 days after lots are recorded if after May 30, 1985.

In construing clause 8, the court stated that "settlement could not take place until the lots, and I emphasize lots, that is, plural, were recorded" and concluded that performance under the contract was impossible because the Coltons could not record the subdivision of both lots.

When a trial court rules on a motion to strike a plaintiff's evidence in a chancery cause, "the procedure thereon shall be the same and shall have the same effect as the motion to strike the evidence in an action at law." Code § 8.01-282. Thus, when the sufficiency of a plaintiff's evidence is challenged by a motion to strike, a trial court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Karim* v. *Grover*, 235 Va. 550, 553, 369 S.E.2d 185, 186-87 (1988). Moreover, when the challenge is made at the conclusion of the plaintiff's case-in-chief, "the trial court should in every case overrule the motion where there is any doubt on the question." *Brown* v. *Koulizakis*, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985).

The contractual language and the subject matter of the agreement demonstrate the parties' intention that the sales contract, though one instrument, contains two separate and divisible parts. *Cf. Board of Supervisors* v. *Sampson*, 235 Va. 516, 521-22, 369 S.E.2d 178, 181 (1988) (time limits fixed in contract interdependent, nonseverable conditions). The first part provides for the *sale* of Lot B to Shepherd; the second part merely contains the Coltons' *offer to sell* Lot A to Shepherd. Two separate lots were identified in the plat accompanying the contract. The contract set forth separately the purchase price of each lot. The contract pro-

vided that the option period extended for six months following settlement on Lot B. Thus, a second contract of sale as to Lot A did not exist until Shepherd exercised the option. Shepherd's purchase of Lot B was entirely independent of her option to purchase Lot A.

■ We agree with the trial court's conclusion that the Coltons had to obtain subdivision approval from the County before either lot could be conveyed. Thus, each contract of sale was subject to a condition precedent — County approval.

■ Generally, a court may not decree specific performance when it is impossible for a party to comply with a contractual condition. *Jones* v. *Tunis*, 99 Va. 220, 222, 37 S.E. 841, 841 (1901). However, "[u]nless it is absolutely necessary, a contract should not be construed to contain provisions impossible of performance." *Hunter* v. *Hollingsworth*, 165 Va. 583, 590, 183 S.E. 508, 511 (1936).

■ Although Lot B was not in existence when the contract was executed, the parties do not disagree regarding its location and boundaries. Moreover, the Coltons concede that they could have obtained County approval for recording a plat of Lot B. Thus, because Shepherd's evidence establishes that it is possible for the Coltons to perform the Lot B contract, we hold that the trial court erred in striking the evidence as to that lot.

■ With regard to Lot A, however, we reach the opposite conclusion. Subdivision approval for Lot A was a condition precedent to the Coltons' obligation to convey that lot, and Shepherd's evidence conclusively shows that the Coltons could not obtain County approval for Lot A. Because performance of the Lot A contract by the Coltons was impossible, we hold that the trial court properly struck Shepherd's evidence as to that lot.

Accordingly, we will affirm the trial court's judgment as to Lot A, reverse the judgment as to Lot B, and remand the cause for further proceedings consistent with the views expressed herein.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

COMPTON, J., dissenting.

In my opinion, the conditions of this single contract were interdependent and not severable. In authorizing the trial court to decree specific performance regarding one lot, and not the other, this Court permits enforcement of a contract that does not conform to the agreement made by the parties.

I would affirm the judgment of the trial court.