Justice KOONTZ, dissenting.
I respectfully dissent. In my view, the chancellor erred, under the particular facts of this case, in fashioning the award of specific performance so as to require the seller to use his "best efforts . . . to acquire and convey . . . all additional land and easements required for all offsite utilities, road widenings, turn lanes, and any other offsite improvements required to develop" the tract of land to be conveyed to the buyer.
Reduced to its essential context, this case arises from a purchase contract for a large tract of land for residential and commercial development. The buyer sought to have the land fully engineered at the time of closing and, thus, ready for the commencement of the intended development without the usual delays of obtaining the necessary offsite easements, such as water and sewer easements. The agreed purchase price included the anticipated costs for those easements. The seller agreed to acquire and convey those easements, but breached the contract by failing to do so within the time specified for closing the transaction, and that breach continued until the matter came before the chancellor on the buyer's request for an award of specific performance of the purchase contract.
The majority correctly acknowledges "that equity will not compel that which is impossible to perform," which in the applicable context of this case is merely another way of saying that equity will not require a seller to convey land which he does not own. See, e.g., Hawks v. Sparks, 204 Va. 717, 720, 133 S.E.2d 536, 539 (1963); see also Shepherd v. Colton, 237 Va. 537, 541, 378 S.E.2d 828, 830 (1989) (holding that "a court may not decree specific performance when it is impossible for a party to comply with a contractual condition."). The majority, however, resolves the issue here by noting that the chancellor merely required the seller to use his "best efforts" to acquire and convey the necessary easements contemplated by the parties' contract. That resolution leaves unresolved the merits of the issue.
*898 There is no dispute that the "best efforts" limitation was adopted by the chancellor at the request of the seller, and that limitation facially would appear to support the chancellor's award of specific performance regarding the acquisition and conveyance of the land and easements in question. It takes little reflection, however, to reasonably conclude that "best efforts" is a requirement under the circumstances of this case that lacks certainty and portends future litigation before the chancellor and additional expense to the parties. Adjoining landowners may or may not be willing to convey their land or grant easements over their land so as to permit the seller to comply with the chancellor's order. The possible complications are practical and boundless. Such need not be the case. Specific performance should not be awarded where "enforcement of the decree would be unusually difficult for the court." Perel v. Brannan, 267 Va. 691, 700, 594 S.E.2d 899, 904-05 (2004).
"Generally, when there is a deficiency in title, quantity, or quality of an estate, the purchaser has the option to require the seller to convey such part as the seller is able, with an abatement of the purchase price for any deficiency." Chesapeake Builders, Inc. v. Lee, 254 Va. 294, 300-01, 492 S.E.2d 141, 145 (1997). The chancellor is to exercise sound discretion in deciding whether to award specific performance. Shepherd v. Davis, 265 Va. 108, 124, 574 S.E.2d 514, 523 (2003). However, "[t]he chancellor's discretion must be exercised with a view to the substantial justice of the case." Chesapeake Builders, 254 Va. at 300, 492 S.E.2d at 145. The facts of a particular case are always paramount in the proper exercise of that judicial discretion. Firebaugh v. Hanback, 247 Va. 519, 526, 443 S.E.2d 134, 137 (1994).
In the present case, I have no quarrel with the majority's conclusion that the chancellor did not err in deciding to award specific performance of the parties' purchase contract. In my view, however, the chancellor should have been guided by Chesapeake Builders in doing so. There is no question that there was a deficiency in the title and quantity of the estate the seller had contracted to convey to the buyer. The remedy fashioned by the chancellor was incomplete because it is uncertain in its requirement that the seller use his "best efforts" to rectify the deficiency or when that might be expected reasonably to be accomplished. Indeed, such incompleteness and uncertainty left future litigation a probable expectation.
The record reflects that the monetary cost of acquiring the necessary land and easements was a matter capable of determination at the time of the hearing before the chancellor. Had the chancellor required that determination to be made, an award of specific performance requiring the seller to convey the land and whatever easements he had acquired, and granting the buyer an abatement of the purchase price for the deficiency in that which was contemplated by the parties' contract, would have afforded complete relief to the buyer and not left the seller with the uncertainty that his "best efforts" would not satisfy the requirements of the chancellor's order. Clearly, such an award would have accomplished "substantial justice [for] the case." Chesapeake Builders, 254 Va. at 300, 492 S.E.2d at 145.
For these reasons, I would reverse that part of the chancellor's award of specific performance requiring the seller, Salvatore Cangiano, to use his best efforts to acquire and convey interests he did not own, and remand the case for further proceedings to determine the amount of an appropriate abatement in the purchase price as of the date of the future hearing before the chancellor.